UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JAMES M. JOHNSON, ) | |
| ) | Case Nos. 1:18-cv-245; 1:17-cr-11 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Susan K. Lee |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner James M. Johnson's motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255. (Doc. 1 in Case No. 1:18-cv-245; Doc. 101 in Case No. 1:17-cr-11.) For the following reasons, the Court will **DENY** Petitioner's motion.

I. BACKGROUND

On January 24, 2017, a grand jury returned an indictment charging Petitioner with one count of conspiracy to manufacture and distribute 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). (Doc. 1 in Case No. 1:17-cr-11.) The indictment specifically alleges:

> The Grand Jury charges that from in or about August of 2015, to in or about October of 2015, in the Eastern District of Tennessee, the defendants JAMES M. JOHNSON . . . , and others known and unknown to the Grand Jury, did combine, conspire, confederate and agree to knowingly, intentionally, and without authority manufacture and distribute 280 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A).

(*Id.*) On July 28, 2017, United States District Judge Harry S. Mattice, Jr. accepted Petitioner's guilty plea on the conspiracy charge (Doc. 74 in Case No. 1:17-cr-11), and, on October 26, 2017, he sentenced Petitioner to 120 months' imprisonment, to be followed by five years of supervised release (Doc. 91 in Case No. 1:17-cr-11). Petitioner did not appeal his conviction or sentence.

On October 15, 2018, Petitioner timely filed his § 2255 motion (Doc. 1 in Case No. 1:18-cv-245; Doc. 101 in Case No. 1:17-cr-11), arguing that the Court should vacate his sentence, dismiss the indictment, and immediately release him because the Court lacked "territorial jurisdiction & federal jurisdiction." (Doc. 1 in Case No. 1:18-cv-245, at 13.)

## II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). She "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

Although not entirely clear, Petitioner appears to argue that the Court somehow lacked jurisdiction over him because the alleged offense did not take place on federal territory and because he could have been or should have been prosecuted by state authorities. These arguments are meritless. First, as the United States Court of Appeals has explained, "[f]ederal courts have exclusive jurisdiction over offenses against the laws of the United States under 18

2

Case 1:18-cv-00245-TRM-SKL   Document 9   Filed 03/02/21   Page 2 of 3   PageID #: 130

U.S.C. § 3231 and the permission of the states is not a prerequisite to the exercise of that jurisdiction." *United States v. Russell*, 30 F. App'x 348, 351 (6th Cir. 2002). "Moreover, Article I, Section 8 of the United States Constitution grants Congress the power to create, define, and punish crimes irrespective of where they are committed." *Id*. Additionally, the fact that Petitioner could have been prosecuted by state authorities does not preclude federal jurisdiction, because actions taken by a state have no effect on whether the Government can pursue federal charges against Petitioner. *See Gamble v. United States*, 139 S. Ct. 1960, 1980 (2019) ("We have long held that a crime under one sovereign's law is not 'the same offence' as a crime under the laws of another sovereign."). The Court had jurisdiction over Petitioner because he was charged with violating a federal statute based on actions taken in the Eastern District of Tennessee. Accordingly, the Court will **DENY** Petitioner's § 2255 motion.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's § 2255 motion (Doc. 1 in Case No. 1:18-cv-245; Doc. 101 in Case No. 1:17-cr-11) is **DENIED**. Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court [is] correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

SO ORDERED.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**